IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-02211-PAB

DAVID CHARLES WELLS,

    Applicant,

v.

JAMES FALK and
CYNTHIA H. COFFMAN, Attorney General of the State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant David Charles Wells is a prisoner in the custody of the Colorado Department of Corrections. Mr. Wells has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] challenging the validity of his conviction in Arapahoe County District Court, Case Number 2007CR2598.

On September 4, 2018, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 18, 2018, Respondents filed their Pre-Answer Response, Docket No. 11, arguing that two claims in the Application should be dismissed. On October 9, 2018, Mr. Wells filed Applicant's Reply to Pre-Answer Response. Docket No. 12.

The Court must construe the Application and other papers filed by Mr. Wells

liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Wells was convicted of first degree murder and was sentenced to life in prison without the possibility of parole. The following background information is taken from the opinion of the Colorado Court of Appeals on direct appeal.

> The night before defendant's live-in girlfriend was going to move out of his home, he fatally stabbed her, and then stabbed himself twice in the chest. Police discovered a letter describing defendant's anger with the victim underneath a calendar on the dining room table.
>
> Upon learning that defendant and the victim did not arrive at work that morning, the victim's brother went to the home and discovered defendant lying on the bed, covered in blood. The brother called police, who arrived at the scene and discovered the deceased victim on the floor. Defendant was transported to the hospital, where he underwent surgery to treat one of his stab wounds. At the hospital, defendant confessed to stabbing the victim and himself to a social worker and police officers.
>
> At trial, he maintained that he had killed the victim in self-defense.

Docket No. 11-4 at 2. The judgment of conviction was affirmed on direct appeal. See *id.* On January 22, 2013, the Colorado Supreme Court denied Mr. Wells' petition for writ of certiorari on direct appeal. See Docket No. 11-5.

On May 9, 2013, Mr. Wells filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. See Docket No. 11-1 at 13.

The trial court denied the Rule 35(c) motion without a hearing and that order was affirmed on appeal. See Docket No. 11-8. On August 24, 2015, the Colorado Supreme Court denied Mr. Wells' petition for writ of certiorari. See Docket No. 11-9.

On September 8, 2015, Mr. Wells filed a second Rule 35(c) motion that he characterized as an "Addendum" to the original Rule 35(c) motion. See Docket No. 11-1 at 11. The trial court denied the "Addendum" without a hearing because it was successive and also because the claims lacked merit. On November 30, 2017, the Colorado Court of Appeals affirmed the trial court's order denying the second Rule 35(c) motion because the successive motion was barred by Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure. See Docket No. 11-12.

Mr. Wells asserts four claims in the Application. He claims he was denied a speedy trial (claim one), his right to conflict-free counsel was violated (claim two), the prosecutor knowingly presented false testimony (claim three), and counsel was ineffective in various ways (claim four).

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kan. State Penitentiary, 36

F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim federal.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

4

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents concede that claims two and four are exhausted. However, Respondents argue that claims one and three must be dismissed because those claims were not fairly presented to the state's highest court and are barred by an independent and adequate state procedural rule. Mr. Wells contends claim one is exhausted because he raised the speedy trial claim in his first Rule 35(c) motion filed in May 2013, he raised the speedy trial claim again in his "Addendum" filed in September 2015, and the trial court addressed the merits of the claim in its February 2016 order addressing the "Addendum." Mr. Wells contends claim three is exhausted because he raised a similar claim in his first Rule 35(c) motion. Mr. Wells also contends claims one and three are exhausted because the factual predicates for those claims are relevant to his arguments that counsel was ineffective and Respondents concede the ineffective assistance of counsel claim (claim four) is exhausted. The Court is not persuaded and finds that claims one and three are not exhausted.

Mr. Wells fails to demonstrate he exhausted state remedies for claims one and three by raising the claims in postconviction motions before the trial court. Raising the

5

claims in the trial court is not sufficient to exhaust state remedies. Instead, the claims must be fairly presented to the state appellate courts. *See Dever*, 36 F.3d at 1534. The Court's review of Mr. Wells' opening brief on appeal from the denial of his first Rule 35(c) motion confirms that neither claim one nor claim three was included in that appeal. *See* Docket No. 11-7. Likewise, neither claim was raised in Mr. Wells' opening brief on direct appeal. *See* Docket No. 11-3.

Mr. Wells did raise the speedy trial claim on appeal from the denial of the "Addendum." *See* Docket No. 11-11. However, the Colorado Court of Appeals affirmed the order denying the "Addendum" because the claims Mr. Wells raised in the "Addendum" were successive and barred by Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure. *See* Docket No. 11-12. As a result, the speedy trial claim was not fairly presented to the state appellate courts. The fact that the trial court addressed the merits of the speedy trial claim does not alter this fact because, as the Colorado Court of Appeals noted, "the district court did not have the discretion to review the merits of a successive Crim. P. 35(c) motion." *Id.* at 5.

With respect to the false testimony claim, Mr. Wells presented the factual predicate for that claim on appeal in state court in the context of an ineffective assistance of counsel claim. *See* Docket No. 11-7 at 17. However, presenting the factual predicate in the context of an ineffective assistance of counsel claim does not satisfy the fair presentation requirement for the false testimony claim because the two claims are analytically distinct. *See White v. Mitchell*, 431 F.3d 517, 525-526 (6th Cir. 2005) (claim that counsel was ineffective for failing to raise *Batson* challenge did not exhaust independent claim that

6

prosecution improperly excluded women from the jury under *Batson*); *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (claim that counsel was ineffective for failing to seek suppression of confession did not exhaust claim that confession was involuntary); *Medicine Blanket v. Brill*, 425 F. App'x 751, 754 (10th Cir. 2011) (exhaustion of ineffective assistance of counsel claim based on violation of petitioner's due process rights did not exhaust separate and analytically distinct due process claim); *cf. Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) (distinguishing between a Fourth Amendment suppression claim and a Sixth Amendment ineffective assistance claim based on failure to litigate competently the Fourth Amendment issue, and stating that, "[w]hile defense counsel's failure to make a timely suppression motion is the primary manifestation of incompetence and source of prejudice advanced by respondent, the two claims are nonetheless distinct, both in nature and in the requisite elements of proof"). As noted above, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson*, 459 U.S. at 6. Therefore, the false testimony claim also was not fairly presented to the state appellate courts.

For these reasons, Mr. Wells fails to demonstrate he has exhausted state remedies for claims one and three.

**IV. PROCEDURAL DEFAULT**

The Court may not dismiss the unexhausted claims for failure to exhaust state remedies if Mr. Wells no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. With respect to claim one, Respondents contend Mr. Wells no longer has an adequate and effective state remedy available to him because

the speedy trial claim was rejected pursuant to Rule 35(c)(3)(VII), an independent and adequate state procedural rule that bars successive claims. Although claim three was not actually raised and rejected on the basis of an independent and adequate state procedural rule, Respondents contend the claim is subject to an anticipatory procedural default because Rule 35(c)(3)(VII) prevents him from returning to state court to raise the claim in a new postconviction motion. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule).

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Wells fails to demonstrate that Rule 35(c)(3)(VII) of the Colorado Rules of

Criminal Procedure is not an independent and adequate state procedural rule. In any event, the Court finds that the rule is independent because it relies on state rather than federal law. Rule 35(c)(3)(VII) also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review). Therefore, claims one and three are procedurally defaulted and cannot be considered unless Mr. Wells demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default Mr. Wells must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Wells can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Wells' *pro se* status does not

9

exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Wells fails to demonstrate good cause for his procedural default of claims one and three. To the extent Mr. Wells may be asserting cause for his procedural default because counsel failed to raise claims one and three on direct appeal, it is true that ineffective assistance of direct appeal counsel can constitute cause to excuse a procedural default in some circumstances. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, Mr. Wells cannot demonstrate cause for a procedural default premised on ineffective assistance of direct appeal counsel unless the ineffective assistance of direct appeal counsel claim first is raised as an independent constitutional claim in state court. *See id.* Mr. Wells has not fairly presented to the state courts a claim that direct appeal counsel was ineffective by failing to raise claims one and three on appeal. Therefore, Mr. Wells cannot rely on any alleged ineffectiveness by direct appeal counsel to demonstrate cause for his procedural default of claims one and three.

The Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), is not relevant to the Court's cause and prejudice analysis. In *Martinez*, the Supreme Court held that, if a claim of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding under state law, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id.* at 16-17. The holding in *Martinez* is not applicable in

this action because the defaulted claims are not ineffective assistance of trial counsel claims.

Mr. Wells also fails to allege facts that demonstrate a fundamental miscarriage of justice that would excuse his procedural default of claims one and three. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial").

For these reasons, claims one and three are procedurally defaulted and may not be considered.

## V. CONCLUSION

In summary, Respondents concede that the Application is timely and that claims two and four are exhausted. The Court will dismiss claims one and three because those claims are procedurally barred. Accordingly, it is

**ORDERED** that claims one and three in the Application are dismissed as procedurally barred. It is further

**ORDERED** that, within thirty days, Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is further

**ORDERED** that, within thirty days of the filing of the answer, Applicant may file a reply, if he desires.

DATED October 18, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge