IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02211-PAB

DAVID CHARLES WELLS,

      Applicant,

v.

JAMES FALK and
PHIL WEISER, Attorney General of the State of Colorado,[1]

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

      Applicant, David Charles Wells, is a prisoner in the custody of the Colorado

Department of Corrections. Mr. Wells has filed *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("the Application") [Docket No. 1]

challenging the validity of his conviction in Arapahoe County District Court, Case

Number 2007CR2598. On December 18, 2018, Respondents filed an Answer ("the

Answer") [Docket No. 19]. On January 18, 2019, Mr. Jones filed a reply captioned

"(Traverse) Response to Respondents' Answer" ("the Traverse") [Docket No. 20] and a

Motion for Appointment of Counsel [Docket No. 21]. The Motion for Appointment of

Counsel will be denied.

      After reviewing the record, including the Application, the Answer, the Traverse,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), a public officer's successor is automatically
substituted as a party. Thus, Phil Weiser is substituted as the Attorney General of the
State of Colorado.

and the state court record, the Court concludes Mr. Wells is not entitled to relief on his

remaining claims.

## I. BACKGROUND

Mr. Wells was convicted of first degree murder and sentenced to life in prison

without the possibility of parole.   The following background information describing the

offense is taken from the opinion of the Colorado Court of Appeals on direct appeal.

> The night before defendant's live-in girlfriend was
> going to move out of his home, he fatally stabbed her, and
> then stabbed himself twice in the chest.   Police discovered
> a letter describing defendant's anger with the victim
> underneath a calendar on the dining room table.
>
> Upon learning that defendant and the victim did not
> arrive at work that morning, the victim's brother went to the
> home and discovered defendant lying on the bed, covered in
> blood.   The brother called police, who arrived at the scene
> and discovered the deceased victim on the floor.   Defendant
> was transported to the hospital, where he underwent surgery
> to treat one of his stab wounds.   At the hospital, defendant
> confessed to stabbing the victim and himself to a social
> worker and police officers.
>
> At trial, he maintained that he had killed the victim in
> self-defense.

Docket No. 11-4 at 2.   In affirming the denial of a postconviction motion, the Colorado

Court of Appeals noted there was "overwhelming evidence of defendant's guilt" that

included the following:

> ● The victim had stated that she was "so tired of this whole
> situation" and "dread[ed] even going home," and that
> defendant was "bitter."
>
> ● The victim had eight stab wounds.
>
> ● The surgeon who treated defendant testified that his

wounds were consistent with having been self-inflicted.

● On the night of the stabbing, defendant left his estranged wife a voicemail directing her to find a letter he had written which stated in part:

> Over the past eight months [the victim] has crushed my heart and my world so horribly and wickedly . . . .
>
> . . . .
>
> Knowing [the victim] will continue to disrespect and disregaurd [sic] my intelligence by becoming the dumb innocent blonde and not know what I'm talking about.   My last recourse is to . . . [ellipses in original]
>
> I love her enough not to tell the story in its entirety. But for me to come to this point [sic].   She fucked up pretty badly.   My crime is loving her her's [sic] is killing me with cruelty & hatred!

● Defendant confessed on three occasions, first to the social worker and then to police officers, that he stabbed the victim. He also confessed to the police that he had stabbed himself. Though the social worker's notes did not reflect a confession that defendant had stabbed himself, the social worker testified that defendant told her that he had stabbed himself.

Docket No. 11-8 at 8-9 (brackets in original).

Mr. Wells asserts four claims in the Application.   He claims he was denied a speedy trial (claim one), his right to conflict-free counsel was violated (claim two), the prosecutor knowingly presented false testimony (claim three), and counsel was ineffective in various ways (claim four).   The Court previously entered an Order [Docket No. 15] dismissing claims one and three as procedurally barred.   Additional facts pertinent to the remaining claims are set forth below.

## II.  STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Mr. Wells

liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However,

the Court should not be an advocate for a *pro se* litigant.   *See* Hall, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)   resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   Mr. Wells bears the burden of proof under § 2254(d).   *See*

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The threshold question the Court must answer under § 2254(d)(1) is whether Mr.

Wells seeks to apply a rule of law that was clearly established by the Supreme Court at

the time his conviction became final.   *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the

Supreme] Court's decisions as of the time of the relevant state-court decision."   *Id.* at

412.   Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or

similar to the case *sub judice*.   Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).   If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1).   *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.   *See Williams*, 529 U.S. at 404-05.

A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."   *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).   "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"  *Williams*, 529 U.S. at 405 (citation omitted).

A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.   *Id.* at 407‑08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry.   *See Williams*, 529 U.S. at 409-10.   "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that

5

the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

As a condition for obtaining habeas corpus from a federal

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct and Mr. Wells bears the burden of rebutting the presumption by clear and convincing evidence. The presumption of correctness applies to factual findings of the trial court as well as state appellate courts. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1181 (10th Cir. 2015). The presumption of correctness also applies to implicit factual findings. *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 978 (U.S. Feb. 20, 2018). "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court's analysis is not complete even if Mr. Wells demonstrates the existence of a constitutional violation. "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), . . . ." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006); *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015) ("For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas

relief based on trial error unless they can establish that it resulted in actual prejudice.")
(internal quotation marks omitted); *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing
that a federal court must conduct harmless error analysis under *Brecht* any time it finds
constitutional error in a state court proceeding regardless of whether the state court
found error or conducted harmless error review). Under *Brecht*, a constitutional error
does not warrant habeas relief unless the Court concludes it "had substantial and
injurious effect" on the jury's verdict. *Brecht*, 507 U.S. at 637. "A 'substantial and
injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the
error on the jury's verdict." *Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513
U.S. 432, 435 (1995)). "Grave doubt" exists when "the matter is so evenly balanced
that [the Court is] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513
U.S. at 435. The Court makes this harmless error determination based upon a review
of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th
Cir. 2000). Notably, however, a second prejudice inquiry under *Brecht* is unnecessary
in the context of an ineffective assistance of counsel claim in which prejudice under
*Strickland* is shown. *See Byrd v. Workman*, 645 F.3d 1159, 1167 n.9 (10th Cir. 2011).

If a claim was not adjudicated on the merits in state court, and if the claim also is
not procedurally barred, the Court must review the claim *de novo* and the deferential
standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th
Cir. 2004).

## III. MERITS OF APPLICANT'S REMAINING CLAIMS

### A. <u>Claim Two</u>

Mr. Wells contends in claim two that his Sixth Amendment right to conflict-free

counsel was violated. Mr. Wells alleges he initially filed a *pro se* motion on January 11, 2008 seeking appointment of alternate defense counsel because counsel was ineffective and he repeatedly attempted to advise the trial court of a conflict with counsel for more than five months, but the trial court failed to inquire about the conflict or take any action. Mr. Wells asserts in the Traverse that the relevant United States Supreme Court case is *Holloway v. Arkansas*, 435 U.S. 475 (1978), which he contends "held that when an indigent defendant makes a timely objection to court appointed counsel, and the trial court fails to adequately inquire into the possibility of a conflict, a defendant demonstrates ineffective assistance of counsel without a showing of actual conflict of interest." Docket No. 20 at 2.

On direct appeal, Mr. Wells claimed "the trial court erred by failing to inquire whether substitute counsel was required after he filed a pro se motion to terminate his deputy state public defender's representation." Docket No. 11-4 at 3. The Colorado Court of Appeals addressed the claim as follows:

> The Sixth Amendment to the United States Constitution and article II, section 16 of the Colorado Constitution guarantee the fundamental right to counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16; *People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989).

> When an indigent defendant objects to court-appointed counsel, the trial court must inquire into the reasons for his or her dissatisfaction. *Arguello*, 772 P.2d at 94. The defendant bears the burden of establishing good cause for the substitution. *Id.*; *see also People v. Kelling*, 151 P.3d 650, 653 (Colo. App. 2006) ("While an indigent defendant is entitled to effective appointed counsel, the defendant is not entitled to new counsel without first demonstrating good cause to require substitute counsel."). "If the defendant can establish 'good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently

unjust verdict,' the court is required to substitute new counsel." *Arguello*, 772 P.2d at 94 (quoting *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir. 1981)). However, before substitute counsel is warranted, the court must verify that the defendant has some well-founded reason for believing that the appointed attorney will not provide competent representation. *Id.*; *People v. Garcia*, 64 P.3d 857, 863 (Colo. App. 2002).

Even when a trial court entirely fails to inquire into the reasons for a defendant's dissatisfaction with counsel, reversal is not required "when a defendant has otherwise placed in the record his or her reasons for dissatisfaction with counsel, those reasons would not qualify as good cause for substituting counsel, and the defendant has not identified any other reason for dissatisfaction that would have been elicited through a formal inquiry." *Kelling*, 151 P.3d at 654.

A trial court's ruling concerning a defendant's motion to dismiss defense counsel will not be disturbed on review absent a showing of an abuse of discretion. *People v. Jenkins*, 83 P.3d 1122, 1125 (Colo. App. 2003).

On January 11, 2008, defendant filed a pro se motion requesting that the court appoint substitute counsel, alleging that defense counsel had:

● not provided defendant with copies of discovery materials, thereby depriving him of the opportunity to assist in his own defense;

● not established a relationship of trust and confidence;

● failed to contact a key witness;

● informed defendant that an investigator determined his version of events could not have happened, even though investigation would have been impossible without conferring with him; and

● not devised a trial strategy and was not prepared to make good tactical decisions.

During arraignment on January 24, 2008, the court asked defense counsel whether he was aware that

defendant had filed a pro se motion to substitute counsel. Defense counsel replied, "I am, Judge, I just discussed that with Mr. Wells, and I don't think we need to address that at this time. There are issues that we discussed, and we're trying to work on those." Defendant did not address the court.

On May 23, 2008, defense counsel reminded the court about defendant's motion. He suggested discussing the matter during a later hearing. The following colloquy ensued:

> THE COURT: Mr. Wells, currently you're represented by experienced, competent counsel, and I think your matters should be presented to the Court through your attorneys. That's the perspective I'm going to take, at least at this juncture.
>
> DEFENDANT: But I asked my attorney to address the motion several times before the Court, and they've [sic] ignored my request to have the motion heard.
>
> THE COURT: I'm going to give them an opportunity to discuss it further with you, but in general where a defendant is represented by capable appointment of counsel, the Court hears from the Defendant through counsel.
>
> And counsel has broad latitude in raising issues, in making decisions as to how, or when those issues are raised. It's part of the benefit that you get in having legal counsel.

On July 1, 2008, the prosecution reminded the court of defendant's motion, and defense counsel responded, "Judge, we did talk about that this morning. I think Mr. Wells' request is to table that until the next motion's hearing. It may be an issue, it may not be an issue.

Defendant's motion was not discussed again, and he never renewed his request for substitute counsel or further

complained about his representation.

Based on this record, we conclude that defendant did not show good cause for substituting defense counsel. His claims that defense counsel had not yet provided him with copies of discovery materials or established a relationship of trust and confidence did not raise a colorable claim of a complete breakdown of communication with counsel triggering a duty to inquire by the court. *See* Crim. P. 16(III)(c) ("Defense counsel is not required to provide actual copies of discovery to his or her client if defense counsel reasonably believes that it would not be in the client's interest, and other methods of having the client review discovery are available."); *People v. Bostic*, 148 P.3d 250, 259-60 (Colo. App. 2006) (the defendant's complaints that her attorney had not visited her in jail and had not inquired about her other pending cases did not show a complete breakdown in communication); *see also United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible."); *cf. Kelling*, 151 P.3d at 654 (holding the defendant raised colorable claim in multiple complaints, made months after his arrest and as the trial date approached, about counsel's lack of communication and nearly complete failure to investigate potential defenses). Defendant's motion references a conversation between him and defense counsel, suggesting that counsel conferred with him regarding trial preparation and investigated potential defenses.

Nor did defendant's motion present a colorable conflict of interest claim. Rather, defendant's motion detailed his disagreement with defense counsel's trial strategy, which does not constitute good cause to substitute counsel. *See Davis v. People*, 871 P.2d 769, 773 (Colo. 1994) (whether to call a particular witness is a tactical decision within counsel's discretion); *People v. Schulteis*, 638 P.2d 8, 15 (Colo. 1981) (disagreement concerning counsel's refusal to call certain witnesses did not require court to grant motion to substitute counsel); *Garcia*, 64 P.3d at 864 (disagreement over strategy did not require appointment of new counsel); *People v. Apodaca*, 998 P.2d 25, 28 (Colo. App. 1999) (court was not required to appoint

substitute counsel based on defense counsel's "personal disbelief" of the defendant's version of events).

Furthermore, defendant's alleged lack of trust and confidence in defense counsel did not provide a basis for substitution. *Arguello*, 772 P.2d at 92 ("The right to counsel guarantees only competent representation, and does not necessarily include 'a meaningful attorney-client relationship.'" (quoting *Morris v. Slappy*, 461 U.S. 1, 14 (1983))).

Defendant's motion disclosed to the court the reasons for his dissatisfaction. Moreover, he did not assert any conflict of interest or other irreconcilable conflict that would lead to an unjust verdict, and in this appeal he has not suggested any other reason justifying substitution that might have been revealed during further inquiry. Because defendant did not meet his burden of showing good cause for substituting counsel based on the allegations in his motion, the trial court had no further duty to inquire into his dissatisfaction with counsel on this basis. *Kelling*, 151 P.3d at 654; *Bostic*, 148 P.3d at 260. Under these circumstances, we conclude that the trial court did not abuse its discretion. *See Jenkins*, 83 P.3d at 1126 (finding no abuse of discretion in denying motion to dismiss court-appointed counsel despite lack of fact-specific inquiry where record showed defendant did not assert a conflict of interest and had shown neither a complete breakdown of communication nor prejudice).

Docket No. 11-4 at 3-10 (brackets in original).

As noted above, the threshold question the Court must answer under § 2254(d)(1) is whether Mr. Wells seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams*, 529 U.S. at 390. "In the normal course, defendants claiming ineffective assistance of counsel must satisfy the familiar framework of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a showing that 'counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Woods v.*

*Donald*, 135 S. Ct. 1372, 1375 (2015) (per curiam). A different analysis applies and prejudice is presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected [counsel's] performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980)).

Mr. Wells fails to identify any clearly established federal law in support of his claim that his Sixth Amendment right to conflict-free counsel was violated because the Supreme Court has not applied *Cuyler's* presumption of prejudice outside the context of defense counsel's concurrent representation of multiple defendants in the same criminal proceeding. *See Mickens v. Taylor*, 535 U.S. 162, 175-76 (2002) (stating it is "an open question" whether the holding in *Cuyler* applies outside the context of concurrent representation of multiple defendants). Like *Cuyler*, the specific Supreme Court case on which Mr. Wells relies to support claim two, *Holloway v. Arkansas*, 435 U.S. 475 (1978), is a joint representation case in which a conflict existed because one attorney represented three codefendants with conflicting interests. *See Holloway*, 435 U.S. at 476-77. To the extent Mr. Wells may be contending the Sixth Amendment right to counsel guarantees a meaningful relationship with counsel, he is mistaken. *Morris v. Slappy*, 461 U.S. 1, 14(1983) ("we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel."). Finally, to the extent Mr. Wells' conflict of interest claim relies on state court or lower federal court cases, those cases are not decisions of the United States Supreme Court and cannot be the source of clearly established federal law. *See Williams*, 529 U.S. at 412 (clearly established federal law "refers to the holdings, as opposed to the dicta, of [the

Supreme] Court's decisions as of the time of the relevant state-court decision.").

Because Mr. Wells' claim that he was denied conflict-free counsel is not premised on concurrent representation of multiple defendants, there is no clearly established federal law to be applied under § 2254(d)(1). *See Smith v. Hofbauer*, 312 F.3d 809, 818 (6th Cir. 2002) (petitioner's claim did not rest upon clearly established federal law because *Cuyler* applies "only to joint representation and the Supreme Court has yet to extend [*Cuyler's*] reach to any other type of conflict."); *see also Schwab v. Crosby*, 451 F.3d 1308, 1328 (11th Cir. 2006) (a decision that *Cuyler's* presumption of prejudice does not apply outside the context of concurrent multiple legal representation is not contrary to or an unreasonable application of clearly established federal law). As noted above, the absence of clearly established federal law ends the Court's inquiry under § 2254(d)(1). *See House*, 527 F.3d at 1018.

Mr. Wells also fails to demonstrate or even argue that the resolution of claim two by the state courts was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2).

For these reasons, the Court finds that Mr. Wells is not entitled to relief with respect to claim two.

**B. <u>Claim Four</u>**

Mr. Wells contends in claim four that counsel was ineffective. He specifically contends counsel: (1) allowed his speedy trial rights to be violated by seeking and obtaining a continuance to test new evidence and failing to use the continuance for that purpose; (2) failed to address the trial court on Mr. Wells' behalf regarding the *pro se* motion for conflict-free counsel; (3) failed to impeach a prosecution witness or object to

the prosecution's continuous references to false testimony; and (4) failed to present substantial, relevant, and available evidence to support a self-defense theory or to introduce expert witnesses necessary to substantiate his trial testimony and to refute the state's evidence and theory of the case.

It was clearly established when Mr. Wells was convicted that a defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel.   *See Strickland v. Washington*, 466 U.S. 668 (1984).   Ineffective assistance of counsel claims are mixed questions of law and fact.   *See id.* at 698.

To establish counsel was ineffective, Mr. Wells must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.   *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential."   *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."   *Id.*   It is Mr. Wells' burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.   *See id.*   "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."   *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Wells must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland*, 466 U.S. at 694.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just

conceivable.").   In determining whether Mr. Wells has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. Wells.   *See Boyd*, 179 F.3d at 914.

If Mr. Wells fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed.   *See Strickland*, 466 U.S. at 697. Furthermore, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief.   *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001).   Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."   *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

### 1.   Failure to Protect Right to Speedy Trial

Mr. Wells first contends counsel was ineffective by failing to protect his right to a speedy trial.   In support of this claim, he alleges counsel sought and obtained a continuance over his objection in order to conduct DNA testing of new evidence, but failed to use the continuance for that purpose.   Respondents do not address the merits of this ineffective assistance of counsel claim, contending instead that "this claim was raised in Applicant's Claim 1, which this Court has dismissed as unexhausted and procedurally defaulted."   Docket No. 19 at 18 n.3.   Respondents are mistaken.   Claim one was a speedy trial claim that was dismissed as unexhausted and procedurally barred.   Claim one did not encompass Mr. Wells' separate and distinct claim that counsel was ineffective by requesting a continuance and allowing Mr. Wells' speedy trial rights to be violated.   Furthermore, Respondents conceded in their Pre-Answer Response that claim four, the ineffective assistance of counsel claim that includes Mr.

Wells' assertion that counsel was ineffective by requesting a continuance and allowing Mr. Wells' speedy trial rights to be violated, is exhausted.   Respondents did not argue that any part of claim four was unexhausted or procedurally defaulted.   Thus, Respondents' failure to address the merits of this ineffective assistance of counsel claim is not justified.

Despite Respondents' failure to address the merits of the claim, the Court will do so.   The Colorado Court of Appeals did not address this ineffective assistance of counsel claim on the merits so the Court reviews the claim de novo.

Mr. Wells' claim that counsel failed to protect his right to a speedy trial lacks merit because he fails to demonstrate either that counsel's performance was deficient or that he suffered any prejudice.   Under the deficient performance prong, Mr. Wells fails to demonstrate counsel's request for a continuance without his consent was completely unreasonable.   "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has – and must have – full authority to manage the conduct of the trial." *Taylor v. Illinois*, 484 U.S. 400, 418-18 (1988).   A request for a continuance to prepare for trial clearly falls in the latter category.   *See New York v. Hill*, 528 U.S. 110, 115 (2000) (stating in the context of a waiver of speedy trial rights under the Interstate Agreement on Detainers that "[s]cheduling matters are plainly among those for which agreement by counsel general controls."); *see also Fayson v. Sec'y, Fla. Dep't of Corrs.*, 568 F. App'x 771, 774 (11th Cir. 2014) (per curiam) (finding that "counsel was not deficient for moving for a continuance without Fayson's consent, because scheduling issues are the

18

province of counsel."). Mr. Wells also fails to demonstrate prejudice because he does not identify any way in which his trial would have been different if it had occurred sooner. Thus, he fails to demonstrate a reasonable probability the result of his trial would have been different if no continuance had been granted.

### 2. Failure to Address Pro Se Motion for Conflict-Free Counsel

Mr. Wells next contends trial counsel was ineffective by failing to address the court on his behalf regarding his *pro se* motion for appointment of alternate defense counsel that is the subject of claim two discussed above. The Colorado Court of Appeals applied the two-part *Strickland* test and rejected this ineffective assistance of counsel claim because Mr. Wells failed to demonstrate prejudice. More specifically, the Colorado Court of Appeals determined that, "because another division of this court on direct appeal determined that the motion for substitute counsel was meritless, we conclude that any failure to present the motion was not prejudicial to defendant." Docket No. 11-8 at 13 (citation omitted). Mr. Wells asserts in the Traverse that he "was prejudiced where a preconceived judgment was formed without a factual basis as to what the actual conflict was [and he] was forced to proceed through trial with conflicted counsel." Docket No. 20 at 3.

Mr. Wells is not entitled to relief on this ineffective assistance of counsel claim under the "contrary to" clause of § 2254(d)(1) because he does not identify any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Mr. Wells also fails to demonstrate the state court's ruling regarding prejudice

was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) or an unreasonable application of *Strickland* under § 2254(d)(1).   It is undisputed that Mr. Wells' underlying claim challenging the failure to appoint substitute counsel was found to lack merit on direct appeal because he failed to demonstrate the existence of a conflict that would support appointment of substitute counsel.   In light of the factual determination that the substantive claim was rejected on direct appeal, it was not unreasonable to conclude Mr. Wells could not establish prejudice under *Strickland* premised on counsel's failure to address the *pro se* motion on Mr. Wells' behalf.   *See Hooper v. Mullin*, 314 F.3d 1162, 1175-76 (10th Cir. 2002) (no prejudice under *Strickland* from failure to file motion that would have lacked merit).

Ultimately, Mr. Wells is not entitled to relief with respect to this ineffective assistance of counsel claim because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."   *Richter*, 562 U.S. at 103.

### 3.   Failure to Impeach a Prosecution Witness / Object to False Testimony

Mr. Wells contends that trial counsel was ineffective by failing to object to the prosecution's repeated references to false testimony by a social worker who testified for the prosecution.   The social worker testified on direct examination that Mr. Wells told her in an interview that he stabbed himself.   According to Mr. Wells, this testimony was false because the social worker's written report following the interview did not

mention such a statement and because the social worker testified on cross-examination that Mr. Wells did not tell her during the interview that he had stabbed himself, but rather she had obtained that information before the interview. Therefore, Mr. Wells contends, counsel should have objected when the prosecution continued to refer to the social worker's direct examination testimony throughout trial. Mr. Wells asserts he was prejudiced because the social worker's direct examination testimony undermined his own testimony that he did not stab himself.

The Colorado Court of Appeals applied the two-part *Strickland* test and reasoned as follows in rejecting Mr. Wells' claims that counsel was ineffective with respect to the social worker's testimony:

> Although defendant concedes that trial counsel cross-examined a social worker about an inconsistency between her testimony and her report, he contends that counsel should have emphasized the inconsistency during closing arguments. The social worker testified that defendant had confessed to stabbing the victim and then to stabbing himself, yet conceded on cross-examination that her report did not mention that he had stabbed himself. Trial counsel did not address this discrepancy in closing argument. However, defendant cannot demonstrate that he was prejudiced by this omission, because he did not dispute that he told police officers that he had stabbed himself. The jury was presented with substantial other evidence of his confession to stabbing himself, including a police officer's testimony, an audio recording of the confession during police interrogation, and defendant's own testimony. Because defendant cannot have been prejudiced by counsel's omission, this claim fails.

Docket No. 11-8 at 10.

Mr. Wells again fails to identify any materially indistinguishable Supreme Court

decision that would compel a different result. *See House*, 527 F.3d at 1018. Therefore, he is not entitled to relief on this ineffective assistance of counsel claim under the "contrary to" clause of § 2254(d)(1).

Mr. Wells also fails to demonstrate the state court's ruling regarding prejudice was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) or an unreasonable application of *Strickland* under § 2254(d)(1). Mr. Wells does not dispute as a factual matter that a police officer testified Mr. Wells had admitted to stabbing himself or that the audio recording of his police interview, which the jury heard, also included his statement that he had stabbed himself. Mr. Wells does not dispute as a factual matter that he admitted during his own testimony that he initially told police he had stabbed himself. Finally, Mr. Wells does not dispute as a factual matter that defense counsel pointed out the discrepancy between the social worker's written report and her testimony during cross-examination. In light of the substantial evidence that Mr. Wells admitted he stabbed himself, the state court's determination that Mr. Wells was not prejudiced by counsel's failure to further highlight the discrepancy between the social worker's testimony and her written report is not an unreasonable application of *Strickland*. *See Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999) (no prejudice when record was replete with evidence of applicant's guilt). In short, Mr. Wells fails to demonstrate a reasonable probability of a different result. *See Strickland*, 466 U.S. at 694.

Ultimately, Mr. Wells is not entitled to relief with respect to this ineffective assistance of counsel claim because he fails to demonstrate the state court ruling "was

22

so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### 4. Failure to Present Evidence and Expert Witnesses

Mr. Wells finally contends counsel was ineffective by failing to present evidence and expert witnesses to support his theory that he acted in self-defense. According to Mr. Wells, "trial counsel's opening argument promised to present evidence and experts at trial that would prove that defendant acted in self-defense when after waking up with a knife in his chest, he stabbed and killed [the] victim in this case." Docket No. 1 at 17. However, he asserts counsel "did not present any evidence or experts to support defendant's trial testimony that he acted in self-defense." *Id.* at 17-18. He further asserts

> [t]here was substantial physical and forensic evidence available during trial to reconstruct the crime scene to a reasonable degree of accuracy. Trial counsel prejudiced the defense by failing to present or produce any of the necessary available physical and forensic evidence during trial. Proper presentation, demonstration[,] and explanation of the evidence recovered from the crime scene was the crux of the defendant's case in chief. Trial counsel was ineffective where they failed to argue or present this evidence.

Docket No. 1 at 19. Mr. Wells explains the importance of the physical and forensic evidence as follows:

> In the case at bar, Defendant testified that he was awakened to being stabbed in his chest, he pulled the knife from his chest and became the aggressor. He stabbed his attacker three times in her back as she fled the bed. She picked a

23

lamp up from a night stand and raised it overhead to strike him with it.  He stabbed her five time[s] in her right chest/shoulder area as she backed into a wall at which time she dropped the lamp and fell in a fetal position with the lamp underneath her at which time defendant dropped the knife and fell back on the bed.

The state theorized that defendant was devastated by the victim breaking up with him and in a rage, defendant stabbed [the] victim five times in her chest as she slept and then stabbed her three times in her back as she exited the bed and fell to the floor, or as she lay prone on the ground.

The circumstances here reveal that this is not an instance where counsel chose as a matter of sound trial strategy not to put on any evidence to corroborate defendant's trial testimony.  Here, trial counsel intentionally provided ineffective assistance by abandoning defendant's only plausible defense, leaving defendant with only his trial testimony, which was easily discounted and undermined by false testimony given by a state witness, and [the] prosecutor's references to the defendant's past criminal history.

Docket No. 1 at 22-23.

The Colorado Court of Appeals rejected this ineffective assistance of counsel claim because Mr. Wells again failed to demonstrate prejudice under *Strickland*.

According to defendant, defense counsel should have enlisted a forensic expert to investigate, and testify to, the following: (1) the victim's back wounds were consistent with defendant's account that he swung blindly as she fled the bed; (2) the victim's back wounds caused the stains on the wall and therefore occurred prior to the victim's chest wounds; (3) the angle of the victim's shoulder wounds and the lack of the victim's blood in the bed were inconsistent with the prosecution's theory that the victim was lying in bed when she was stabbed; (4) defendant's wounds could not have been inflicted by the knife after it was bent on the victim's ribs (indicating defendant was stabbed first); (5) pieces of the knife handle found in victim's clothes indicated

that the knife was dropped immediately after the victim was stabbed; (6) a re-enactment would demonstrate that the position of the victim's body was inconsistent with the prosecution's theory of events; (7) the angle of defendant's wounds was consistent with being stabbed by a right-handed attacker and inconsistent with being self-inflicted; and (8) blood on the victim's hands, if it had been tested and shown to be defendant's, would have supported defendant's claim that the victim stabbed him. Defendant has not identified an expert who would have been willing to offer such testimony. In fact, defendant engaged an expert who did not offer such opinions. Defendant also contends that trial counsel should have argued against the use of photos showing that the bed where the stabbing occurred was unmade.

We reject defendant's contentions because we conclude that, in light of the physical evidence and the overwhelming evidence of guilt described above, even if counsel had found an expert to offer such testimony, there was not a reasonable probability of a different outcome at trial. Therefore, defendant was not prejudiced by any failure of defense counsel to introduce this evidence.

Docket No. 11-8 at 11-12.

Mr. Wells again fails to identify any materially indistinguishable Supreme Court decision that would compel a different result under *Strickland*. *See House*, 527 F.3d at 1018. Therefore, he is not entitled to relief on this ineffective assistance of counsel claim under the "contrary to" clause of § 2254(d)(1).

Mr. Wells also fails to demonstrate the state court's ruling regarding prejudice was based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). Mr. Wells asserts in the Traverse that the state court decision was based on unreasonable determination of facts because "[h]ere the record is clear that while there was sufficient evidence available for presentation during trial,

counsel failed to present any during trial." Docket No. 20 at 5. However, Mr. Wells does not identify any specific evidence that was not presented in his defense. Instead, he takes issue with the manner in which the physical evidence found at the crime scene could be interpreted. To the extent his argument rests on counsel's alleged failure to present expert testimony to support his assertion that he acted in self-defense, he fails to overcome the presumption of correctness that attaches to the state court's factual determination that he did not identify an expert who could have testified in support of his defense. In fact, Mr. Wells still does not identify an expert who would testify in support of his interpretation of the physical evidence at the crime scene. As a result, the Court concludes Mr. Wells is not entitled to relief under § 2254(d)(2).

Finally, Mr. Wells fails to demonstrate the state court's determination that he failed to establish prejudice is an unreasonable application of *Strickland* under § 2254(d)(1). Once again, the failure to identify an expert witness who would have interpreted the physical evidence recovered at the crime scene in a manner consistent with his self-defense claim dooms this ineffective assistance of counsel claim. *See Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (finding no prejudice under *Strickland* from lack of medical expert testimony because petitioner failed to supply any evidence or convincing argument that medical testimony would have supported his defense). Mr. Wells' failure to identify a particular expert and specific testimony that would have supported his theory of self-defense means his prejudice argument under *Strickland* is entirely speculative. As a result, it was not unreasonable to conclude he failed to demonstrate a substantial likelihood of a different result. *See Richter*, 562

U.S. at 112 (to establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."); *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*).

In addition, to the extent this ineffective assistance claim is premised on counsel's alleged failure to present evidence and not merely expert testimony, it was reasonable for the state court to conclude Mr. Wells could not establish prejudice in light of the overwhelming evidence of guilt. As noted above, the evidence of guilt included statements by the victim that she was "so tired of this whole situation," that she "dread[ed] even going home," and that defendant was "bitter"; the victim had eight stab wounds; the contents of the letter Mr. Wells wrote regarding his relationship with the victim; testimony from the surgeon who treated Mr. Wells that his wounds were consistent with having been self-inflicted; and Mr. Wells' confessions that he had stabbed himself. Given this evidence, it was not unreasonable to conclude Mr. Wells failed to demonstrate a substantial likelihood of a different result. *See Richter*, 562 U.S. at 112 (to establish prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable."); *Byrd*, 645 F.3d at 1168 ("mere speculation is not sufficient" to demonstrate prejudice under *Strickland*).

Ultimately, Mr. Wells is not entitled to relief with respect to this ineffective assistance of counsel claim because he fails to demonstrate the state court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at

103.

## IV.  CONCLUSION

For the reasons discussed in this order, Mr. Wells is not entitled to relief on his

remaining claims.   Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 [Docket No. 1] is denied and this case is dismissed with prejudice.   It is

further

**ORDERED** that there is no basis on which to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c).   It is further

**ORDERED** that the Motion for Appointment of Counsel [Docket No. 21] is

denied.

DATED March 8, 2019.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge