IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02211-PAB

DAVID CHARLES WELLS,

    Applicant,

v.

JAMES FALK and
PHIL WEISER, Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING MOTIONS

This matter is before the Court on the "Motion to Amend/Alter Order of Judgment and Dismissal of 2254 Application" [Docket No. 24] filed *pro se* by Applicant, David Charles Wells. Mr. Wells asks the Court to reconsider and vacate the Order of Dismissal [Docket No. 22] entered in this action on March 8, 2019. Mr. Wells also has filed a "Request for an Evidentiary Hearing" [Docket No. 25]. The Court must construe the motions liberally because Mr. Wells is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion to reconsider will be denied for the reasons discussed below. The motion for an evidentiary hearing will be denied as moot.

The motion to reconsider was filed on April 12, 2019. However, the certificate of service attached to the motion is dated April 10, 2019, and the envelope in which the motion was mailed to the Court indicates it was submitted to prison officials for mailing on April 9, 2019. *See* Docket No. 24 at 21, 23. Therefore, the Court construes the

motion as being filed no later than April 10, 2019, pursuant to the prisoner mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163-66 (10th Cir. 2005) (describing prisoner mailbox rule). Because the motion was filed within twenty-eight days after the Final Judgment, Docket No. 23, was entered on March 14, 2019, the motion will be considered pursuant to Rule 59(e). A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Wells was convicted of first degree murder and sentenced to life in prison without the possibility of parole. He asserted four claims for relief in his habeas corpus application challenging the validity of the conviction, including an ineffective assistance of counsel claim with multiple subparts. On October 18, 2018, the Court entered an Order, Docket No. 15, dismissing two of the claims as procedurally barred. On March 8, 2019, the Court dismissed the remaining claims on the merits. Mr. Wells argues in the motion to reconsider that the Court's March 9 order failed to address one of his claims, misconstrued other claims, and addressed a claim that he did not even assert. Mr. Wells specifically takes issue with the Court's resolution of his ineffective assistance of counsel claims.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Wells fails to demonstrate any reason why the Court should reconsider and

vacate the Final Judgment. Mr. Wells fails to identify any legal error or newly discovered evidence and he fails to convince the Court that the Court misapprehended the facts or the nature of the ineffective assistance of counsel claims he asserted in the Application. Instead, Mr. Wells merely reiterates arguments previously made. However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. A Rule 59(e) motion also is not an appropriate vehicle to advance arguments or supporting facts that could have been raised previously. *See id.* Therefore, the motion to reconsider will be denied. Accordingly, it is

**ORDERED** that the "Motion to Amend/Alter Order of Judgment and Dismissal of 2254 Application" [Docket No. 24] is denied. It is further

**ORDERED** that the "Request for an Evidentiary Hearing" [Docket No. 25] is denied as moot.

DATED April 25, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge